1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TE'HVON D. FOUNTAINE,                 No.  2:18-cv-03083-JAM-KJN (PS)

12                  Plaintiff,

13        v.                               ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION

16                  Defendant.

17

18          On January 2, 2019, plaintiff Te'hVon D. Fountaine, who proceeds *pro se*, was granted

19   leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.  (ECF No. 11.)  At the same

20   time, the court dismissed plaintiff's complaint for failure to state a claim, but granted leave to

21   amend due to plaintiff's *pro se* status and because it was at least conceivable that he could allege

22   additional facts to state a claim.  (Id. at 3.)  Plaintiff was warned that failure to file an amended

23   complaint in accordance with the court's order may result in the dismissal of the action.  (Id. at 4.)

24          Plaintiff filed the first amended complaint ("FAC") on January 14, 2019, and the second

25   amended complaint ("SAC") on February 4, 2019.  (ECF Nos. 12, 13.)  For the reasons discussed

26   below, the court finds that plaintiff has again failed to state a claim, and that further leave to

27   amend would be futile.  Accordingly, the court recommends that the action be dismissed without

28   leave to amend.

1

When a plaintiff proceeds *in forma pauperis*, the court shall dismiss the case at any time if it determines that the action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

*Pro se* pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a *pro se* plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

In the January 2, 2019 order, the court advised plaintiff of the above standards and explained that the dismissed complaint was vague, rambling, largely incoherent, and failed to state a claim. (See ECF No. 11 at 2-3.)

Plaintiff's amended pleadings are similarly flawed. The FAC alleges that various parties (courts, judges, attorneys, and other public officials) have worked together "to falsely convict/imprison and profit off of" plaintiff. (ECF No. 12 at 1.) In an attached "Letter of Rogatory/Notice of Tentative Complicity," plaintiff vaguely refers to other crimes purportedly committed by these individuals. (Id.) Plaintiff demands that his name "be cleared of this alleged

criminal case" and he asserts that he has been subjected to a fraudulent process in which "[a]ll cases are civil, though often fraudulently called criminal." (Id. at 10.)  By way of explanation, plaintiff claims that criminal judgments in federal courts are turned into negotiable instruments, which are pooled together and sold as bonds.  (Id. 11.)

Even liberally construed, the FAC is conclusory, vague, and rambling.  The allegations are not well-plead, lack any factual basis, and become increasingly fanciful.  For example, without any explanation, plaintiff asserts his belief that "US Judges and US Attorneys are actually employees of the IMF [International Monetary Fund] and have expatriated out of the United States . . . [and] are now unregistered foreign agents." (Id.)  The FAC does not include even a threadbare recital of the elements of any federal civil cause of action.[1]  (See ECF No. 4.)

In the SAC, plaintiff proclaims "[a]dding to the record of my complaint I hereby proceed with a second amended complaint to the court[,] [s]till addressing the issue of my false imprisonment." (ECF No. 13 at 1.)

As best the court can tell, the gravamen of plaintiff's complaint is his assertion that he has been wrongfully convicted and imprisoned.  (See, e.g., ECF No. 12 at 12 (requesting that "the titles of criminal, felon and/or convicted felon be removed immediately and permanently nu[n]c pro tunc").)  As a general rule, however, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action.  See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

Based upon the foregoing, plaintiff's amended pleadings fail to state any claim upon which relief may be granted.  At the same time, the court has already advised plaintiff of the deficiencies of his previously dismissed complaint; provided plaintiff an opportunity to correct

---

[1] The court recognizes that the FAC does allege that the California Department of Corrections and Rehabilitation refused to respond to plaintiff's requests for an Olsen Review pursuant to In re Olson, 37 Cal. App. 3d 783, (Ct. App. 1974).  (ECF No. 12 at 1.)  However, a failure to comply with In re Olson alone does not create an independent federal civil cause of action.

them; and warned that failure to do so may result in dismissal of the action.

Instead of correcting these deficiencies, plaintiff's amended pleadings again fail to state a claim and reveal plaintiff's apparent intention to challenge his underlying conviction—a challenge that is properly brought in a habeas corpus petition. Thus, any further leave to amend in this civil action would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without leave to amend, for failure to state a claim upon which relief may be granted.

2. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: February 21, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4